**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEPHANIE MYKONOS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01899 (UNA) |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Am. Compl."), ECF No. 1, and Second Amended Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 4. The Court grants Plaintiff's Second Amended IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff sues the United States. *See* Compl. at 2. The Complaint is not a model of clarity. It appears that Plaintiff is concerned that some of the cases she has submitted for filing through the court's dropbox are not appearing on PACER, which she blames, with little to no explanation, on the Clerk of Court. *See id.* at 3–4. She demands a temporary restraining order ("TRO") "enforcing Rule 38 for repository filings." *See id*. at 4.

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can

prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct. *See* Fed. R. Civ. P. 8(d)(1). As here, a "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The Complaint falls squarely into this category, failing to provide the Court or the Defendant with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

To that same end, Plaintiff has not established what duty, if any, the Clerk of Court has to ensure that her cases appear on PACER. The Clerk dockets cases through CM/ECF, not PACER. Indeed Plaintiff, who also files under pseudonyms "Jane Mike Doe" and "Jane Derewal" has approximately 32 cases currently docketed on CM/ECF. It is also unclear what "Rule 38 for repository filings" refers to or even means.

Finally, "[t]he standard for issuance of the extraordinary and drastic remedy" of a TRO "is very high . . . and by now very well established," *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–73 (D.D.C. 2007) (internal quotation marks and citation omitted), and Plaintiff fails to address, let alone meet, any of the required elements, *see Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (listing elements).

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 14, 2026